IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL STEFFAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 8202 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| COOK COUNTY SHERIFF, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

> I had the feeling that something was missing
> I don't know what, but when it was over
> I said to myself, "is that all there is . . . ?"
>
> – Peggy Lee[1]

**INTRODUCTION**

On November 20, 2020, the defendant filed a "Motion to Compel Production," targeting documents that are responsive to discovery requests dating back to August 2020, and which plaintiff indicated he might have at his disposal – but still had not produced – at his deposition on October 8, 2020. [Dkt. #58].

At the time of plaintiff's deposition, discovery was set to close on October 30th. [Dkt.#50]. Post-deposition, plaintiff finally – and tardily, given that the original requests dated back to August – produced about 25 pages of outstanding responsive documents on November 20th, promising there were more to follow. [Dkt. #58-1, Page 29/29]. He produced another dozen or so pages of documents on November 23rd and December 1st. [Dkt. #60]. All told, he has produced about 1000

---

[1] From the 1970 Grammy Award nominated song by Jerry Lieber. *See also* Thomas Mann's short story, "De Ontgoocheling," from seventy-five years earlier.

pages of documentation defendant requested, and on November 30, 2020, assured the court that he will continue to meet his obligation to supplement production as necessary. *See* Rule 26(e). The defendant, however, is vaguely dissatisfied and thinks that there must be more. Still, parties in litigation must comply with discovery obligations, or specifically demonstrate what cannot be produced. As explained below, the defendant's motion [Dkt. #58] is granted.

## ARGUMENT

"Peggy Lee motions" are part and parcel of the American litigation system. "Courts supervising discovery are often confronted by the claim that the production made is so paltry that there must be more that has not been produced or that was destroyed." *Hubbard v. Potter*, 247 F.R.D. 27, 29 (D.D.C. 2008). But courts will not accept mere insistence or speculation that there must be more. *Hubbard*, 247 F.R.D. at 29. *See also Gross v. Chapman*, 2020 WL 4336062, at *2 (N.D. Ill. 2020)(" But, all that the plaintiffs provided here – in a motion barely 3 pages long – was mere speculation that there must be more texts about the breakup. Plaintiffs did not even cite a case in support of their motion to compel."). If the rule were otherwise, discovery – long and tedious as it often is – would never end. More is required than the theoretical possibility or the clients' or lawyers' certainty that additional documents exist. After all, "saying so doesn't make it so," *United States v. 5443 Suffield Terrace, Skokie, Ill.*, 607 F.3d 504, 510 (7th Cir.2010), and "'certitude is not the test of certainty.'" Holmes, *Natural Law*, 32 Harv.L.Rev. 40, 41 (1918).

Thus, courts require that the moving party make out a case for further discovery by showing that the circumstances of the case permit a reasonable deduction that other documents exist, or may have at the time of receipt of the document request. A court cannot compel plaintiff to produce what does not exist, *Amarei v. City of Chicago*, 2016 WL 3693425, at *4 (N.D. Ill. 2016)*; Winiecki v.*

*Creditors Interchange Receivable Mgmt., LLC*, 2015 WL 6870105, at *10 (N.D. Ill. 2015; *In re Peregrine Fin. Grp. Customer Litig.*, 2015 WL 1344466, at *12 (N.D. Ill.2015); *Tijerina v. Stanley*, 2019 WL 1396964, at *4 (E.D. Tex. 2019). Mere suspicion will not suffice, *Bos. v. Club Corp USA, Inc.*, 2019 WL 1873293, at *8 (C.D. Cal. 2019); *Kendle v. Whig Enterprises, LLC*, 2016 WL 898569, at *4 (S.D. Ohio 2016), and a hunch is insufficient. *Harris v. Koenig*, 271 F.R.D. 356, 370 (D.D.C. 2010).

In their opening brief, defendant offered absolutely nothing but speculation and hunches. It was not until defendant's reply brief that the picture of what defendant thought was missing and why came into focus, albeit still hazily. Ordinarily, that is too late. *Hussein v. Oshkosh Motor Truck Co.*, 816 F.2d 348, 360 (7th Cir. 1987). Arguments not fully developed until a reply brief are deemed waived. *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 770 (7th Cir. 2020); *Campos v. Cook Cty.*, 932 F.3d 972, 976 n.2 (7th Cir. 2019); *Bodenstab v. County of Cook*, 569 F.3d 651, 658 (7th Cir.2009). But given the struggles over seemingly routine discovery, we shall attempt to resolve the current disputes.

The type of disputes exemplified by this case are often resolved, at least in part, at a Local Rule 37.2 conference or at a hearing with the parties in attendance. But, given the current situation in the country, there are limitations on court proceedings and cases are often resolved on a "paper" record, which makes it difficult to choose among the competing versions often supporting vastly different views of what has occurred. But, based on plaintiff's deposition testimony and the parties' competing versions of events, the following discovery appears to remain at issue and is resolved as follows:

> *Personal notes* [Dkt.# 64-1, Page 27-28/35]: Plaintiff produced personal notes but defendant finds them "suspect" because they are in the third person and make a vague,

unsupported argument that they don't mention plaintiff speaking to a certain individual whom another set of notes indicated he did. I have no way to compare the two sets of notes and, even if I did, this slice of the parties' quarrel seems to be not terribly significant. If there are more notes, plaintiff is ordered to produce them immediately.

*Job description/medical restrictions* [Dkt.# 64-1, Page 29/35]: Post-deposition, plaintiff produced three documents pertaining to written requests for an accommodation made on plaintiff's behalf to defendant. He previously produced seven pages of such documentation. He has since produced a 2017 FCA report. He claims he has looked for additional documentation, but has not been able to locate any additional responsive documents. Plaintiff should redouble his efforts and provide any remaining documentation of his current medical restrictions. As for job description requests, plaintiff has produced letters from Dr. Roland and ATI Physical Therapy. If anything else is remaining, it must be produced immediately.

*Counselor Bouers* [Dkt.# 64-1, Page 32/35]: Plaintiff has "reached out" to his counselor but has not produced any documentation that he went to marriage counseling and is ordered to do so immediately. Plaintiff must also produce any records from his treating physician, which defendant claims are still outstanding.

*Insurance documents* [Dkt.# 64-1, Page 34/35]: Plaintiff has produced check stubs that indicated healthcare deductions for 2019-2020, a 1095-B for 2019, 1095-C for 2018, but it only covers April through August of 2018, payslip for May 31, 2019 showing one medical deduction for 2019, and a payslip for pay period January 1, 2020 through January 15, 2020 showing a medical insurance deduction. Although defendant takes a while to zero us in on it, it would seem that defendant is focused on the lack of documentation from June 2019 through December 2019 and for any time after January 15, 2020. Plaintiff claims he produced Proof of Coverage for May-December 2019. Plaintiff is ordered to produce immediately any records for remaining time periods.

*Federal tax returns for 2018 and 2019* [Dkt.# 64-1, Page 35/35]: Defendant tells us plaintiff produced a W-2 for 2018 and a 2019 IL-8453 Tax Form. As such, although defendant does not give us a wish list, it would seem defendant is awaiting production of federal returns for 2018-19, and W-2 for 2019. Plaintiff claims to have produced responsive tax documents during his initial document production in or about January 2020, and "tax information from 2018 and 2019" post-deposition. As such, it is unclear what is missing, but plaintiff is ordered to produce immediately whatever is necessary to complete production for 2018 and 2019.

This is all that can be done, short of the court physically participating in the discovery process with counsel on both sides, which, of course, cannot occur. We are not operating in a Continental-

style system. *Creative Montessori Learning Centers v. Ashford Gear LLC*, 662 F.3d 913, 917 (7th Cir. 2011); *Spiva v. Astrue*, 628 F.3d 346, 352 (7th Cir. 2010); *Hartmann v. Prudential Ins. Co. of Am.*, 9 F.3d 1207, 1214 (7th Cir. 1993). At a certain point, one must (and should) take a party at its word that discovery obligations have been met and all that is responsive to proper requests has been produced. Neither the court nor counsel can require what, in effect, is a "search" of a party's home and/or office because the opponent expresses dissatisfaction with the extent of a discovery response and insists there must be more. Again, to borrow from Holmes, "we have been cocksure of many things that were not so." Holmes *supra.* The Federal Rules of Civil Procedure expressly provide not only for significant evidentiary consequences if documents are withheld improperly in discovery, but also prescribe, in the appropriate context, for case ending sanctions in certain contexts quite apart from mandating evidentiary exclusions. *See, e.g., Ridge Chrysler Jeep LLC v. Daimler Chrysler Financial Svcs Americas*, *LLC*, 516 F.3d 623 (7th Cir. 2008), *cert. denied* 555 U.S. 826 (2008).

For the preceding reasons, the motion [Dkt. #58] is granted in accordance with the prior discussion.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 12/15/20